UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES LEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15 CV 765 DDN |
| | ) |
| JAY CASSADY, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner James Lee for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## **I. BACKGROUND**

In November 2009, petitioner James Lee was accused of shooting into a car with two individuals inside, injuring one of them. (Doc. 8, Ex. 3). The state of Missouri charged petitioner with two counts of first-degree assault, as well as two counts of armed criminal action and unlawful use of a weapon. (Doc. 8, Ex. 3). In June 2010, he pled guilty to all five crimes in the Circuit Court for the City of St. Louis. (Doc. 8, Ex. 3 at 24). On August 20, 2010, he received an aggregated sentence of 30 years: 30 years for first-degree, Class A assault; 15 years for first-degree, Class B assault; 3 years for each armed criminal action; and 4 years for the unlawful use of a weapon, each sentence to run concurrently. (Doc. 1 at 1; Doc. 8, Ex. 3 at 5). Petitioner subsequently moved for post-conviction relief and appealed the denial of his post-conviction relief in state courts. He filed the instant petition for a writ of habeas corpus on May 13, 2015. (Doc. 1).

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner raises four grounds for relief:

(1) Petitioner's plea counsel rendered constitutionally ineffective assistance by informing petitioner that he would receive a fifteen to twenty year sentence, thereby inducing him to plead guilty.

(2) Petitioner's plea counsel rendered constitutionally ineffective assistance by failing to investigate and obtain all available discovery, which would have revealed that petitioner suffers from a mental disease or defect.

(3) Petitioner's plea counsel rendered constitutionally ineffective assistance in failing to raise the defense of mental disease or defect and in failing to request a mental evaluation of petitioner.

(4) Petitioner's plea counsel rendered constitutionally ineffective assistance in that counsel failed to raise every claim known to petitioner for vacating, setting aside, or correcting petitioner's sentence and judgment.

(Doc. 1 at 6-8).

Respondent contends that the arguments in Grounds 2, 3, and 4 are procedurally defaulted and Ground 1, which was addressed by Missouri state courts, was not decided contrary to established federal law. (Doc. 8).

## IV. TIMELINESS

Congress provides a one-year window, calculated from the conclusion of direct state review, in which a habeas applicant may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rules 30.01 and 81.04, the time limit for filing a notice of appeal expires ten days after sentencing. The trial court sentenced petitioner on August 20, 2010, and on August 31, 2010, the one-year limitation period began to run.

However, a pending state post-conviction action or other state collateral review tolls the one-year statute of limitation. 28 U.S.C. § 2244(d)(2). On February 9, 2011, or 163 days later, petitioner timely filed a motion for post-conviction relief, tolling the one-year clock. (Doc. 8, Ex. 3 at 45). Petitioner claimed his trial counsel was constitutionally

ineffective, because he failed to sufficiently investigate the case or perform discovery, failed to evaluate or present a mental disease or defect defense, and failed to inform petitioner of the state's proposed plea bargain. (Doc. 8, Ex. 3 at 51). Appointed counsel filed an amended motion alleging that plea counsel was ineffective for affirmatively misrepresenting that petitioner would receive a sentence in the range of 15 to 20 years. (Doc. 8, Ex. 3 at 62-79). On December 31, 2012, petitioner's motion for post-conviction relief was denied. (Doc. 8, Ex. 3 at 46). Petitioner appealed, raising only one point: that his plea counsel was ineffective for predicting that petitioner would receive a sentence of 15-20 years, which induced him to plead guilty. (Doc. 8, Ex. 6 at 19). The Missouri Court of Appeals affirmed the judgment, issuing its mandate on March 19, 2014. (Doc. 8, Ex. 8 at 1-8). On March 20, 2014, the one-year clock resumed, and it expired 202 days later, on October 8, 2014. Petitioner did not file his petition until May 13, 2015. (Doc. 1). He does not offer any excuse for his late filing. Therefore, petitioner's federal habeas corpus petition is untimely. The court has nevertheless considered the merits of petitioner's grounds for relief.

## IV. EXHAUSTION AND PROCEDURAL BAR

Congress also requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

It is not sufficient for a petitioner simply to have no remaining procedure for bringing a claim to the state court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). Rather, a petitioner must have fairly presented the substance of each federal ground to the trial and appellate courts. *Id*. To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or during post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1996). "If a petitioner fails to exhaust state remedies and the court to which he should have

3

presented his claim would now find it procedurally barred, there is a procedural default". *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)).

A petitioner may overcome the procedural bar if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To establish cause for a procedural default, petitioner must "show that some objective factor external to the defense impeded" his "efforts to comply with the State's procedural rule." *Id.* at 753. To establish actual prejudice, petitioner "must show that the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal citations omitted).

As stated above, petitioner filed a motion for post-conviction relief and appealed the denial of this motion. Petitioner raised Grounds 1-3 in his post-conviction motion, but only raised Ground 1 on appeal. (Doc. 8, Ex. 3 at 51; Ex. 6 at 19).

Petitioner has not shown that he exhausted Grounds 2, 3, or 4 in Missouri state court proceedings. Petitioner argues he did not raise these grounds because his counsel refused to raise these claims initially or abandoned them on appeal, and that this should excuse his procedural default under *Martinez v. Ryan,* 566 U.S. 1 (2012). (Doc. 1 at 10-14). *Martinez* provides that ineffective assistance of post-conviction counsel may establish cause for failing to raise an ineffective assistance of trial counsel claim. 566 U.S. at 9-10. As will be discussed in further detail below, petitioner has not demonstrated actual prejudice arising from his post-conviction counsel's failure to raise these grounds. Nor has he demonstrated that this court's failure to consider these claims would result in a miscarriage of justice. Accordingly, petitioner's Grounds 2-4 are procedurally barred.

If this court concludes that the procedurally barred grounds are without merit, Congress has authorized it to consider and to dismiss them. 28 U.S.C. § 2254(b)(2). The

undersigned has considered all of petitioner's federal grounds and concludes that they are without merit.

## IV. LEGAL STANDARD

For petitioner's Ground 1, which was fully adjudicated by a Missouri court, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Thaler v. Haynes*, 130 S. Ct. 1171, 1174 (2010) (per curiam) (citations omitted). This standard is difficult to meet, because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citation omitted). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Thaler*, 130 S. Ct. at 1174.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 130 S. Ct. 841, 845 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that

factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 130 S. Ct. at 845.

For the remainder of petitioner's Grounds, which were not fully adjudicated on the merits by a state court, the pre-AEDPA standard for habeas review governs. *Gingras v. Weber*, 543 F.3d 1001, 1003 (8th Cir. 2008) ("Because [petitioner's] apparently unexhausted claim was not adjudicated on the merits, we likely should apply the pre-AEDPA standard of review, rather than the deferential standard of 28 U.S.C. § 2254(d).") (internal citations and quotations omitted). Under the pre-AEDPA standard, the habeas petitioner must show a "reasonable probability that the error complained of affected the outcome of the trial, or that the verdict likely would have been different absent the now-challenged [defect]." *Robinson v. Crist*, 278 F.3d 862, 865-66 (8th Cir. 2002).

Finally, as each of petitioner's Grounds alleges ineffective assistance of counsel, the legal standard for that claim is relevant here. In *Strickland v. Washington*, the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. 466 U.S. 668 (1984). Under *Strickland*, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To prevail on a claim of ineffective assistance of counsel, petitioner must prove two elements. First, he must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. *Id.* at 690. Counsel's strategic choices made after thorough investigation are virtually unchallengeable. *Strickland*, 466 U.S. at 690–91. Additionally, decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. *Id.*

Second, petitioner must demonstrate actual prejudice by counsel's deficient performance. *Id.* at 687. "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably

likely have been different absent the errors." *Id.* at 696. To establish prejudice in the context of a guilty plea, an inmate must show that, if counsel had acted competently, he would have rejected the plea and gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## VI. DISCUSSION

### A. Ground 1

In Ground 1, petitioner alleges that the state courts erred in denying him post-conviction relief, because his plea counsel induced him to plead guilty by informing petitioner that he would receive a fifteen- to twenty-year sentence. He argues that the record shows that he "was clearly under a misapprehension about the sentence he would receive" and that his plea counsel's statements "went beyond a mere prediction." (Doc. 1 at 6).

Missouri state courts addressed this claim and did not err in denying it. The Missouri Court of Appeals, Eastern District, denied Ground 1 for the following reasons:

> When a movant alleges that his guilty plea was based on a mistaken belief about the sentence, the test is whether a reasonable basis existed in the record for that belief. *Allen v. State*, 403 S.W.3d 678, 680-681 (Mo. App. 2013). A movant's expectation that he will receive a lesser sentence does not make his plea involuntary. *Id.* at 681.
>
> The record demonstrates that, although counsel believed or hoped that Movant would receive a 20-year sentence based on the sentencing report and previous experience, both counsel and the trial court conveyed to Movant that the full range of punishment was possible. At the plea hearing, the court instructed:
>
>> [T]here is no plea agreement that has been made between the prosecution and the defense. . . . [T]here's no promise made to you about what the sentence will be. . . . I can sentence you to anything within the range of punishment.
>
> Then at the motion hearing, counsel testified:
>
>> Q: Do you believe that you conveyed to Mr. Lee that he would receive . . . could reasonably expect to receive a sentence of around 20 years on a blind plea?

7

> A: I don't know that it was worded that way. We talked about, at length, what the potential was. He was well aware of the downside and the upside. I didn't think he'd get anything less than about 15 years. I was hoping, and he was hoping, it would be in the range of 20 years. Neither of us knew, nor did I tell him with any certainty, what the court would give. And the court was very clear to make that readily apparent to myself prior to Mr. Lee's plea – that there were no promises. That was discussed with Mr. Lee and myself in private prior to him entering his plea.
>
> Given the foregoing explanations by the trial court and by counsel, whom the motion court found "very credible," we cannot say that the motion court's findings and conclusions were clearly erroneous. A mistaken belief is reasonable only when it is based on a positive representation upon which the movant is entitled to rely. *Krider v. State*, 44 S.W.3d 850, 857 (Mo. App. 2001) (emphasis added). Counsel's belief, hope, or prediction does not equal a positive representation on which Movant was entitled to rely, particularly in the face of the foregoing disclaimers to the contrary.
>
> Moreover, the record refutes Movant's claim that he would have exercised his right to a jury trial absent counsel's prediction. The State refused to negotiate below a life sentence, the evidence against Movant was strong (i.e., witness identification and ballistics), and Movant was aware of the "possibility that he would receive serious consecutive sentences if he was convicted at trial." As counsel explained, the blind plea "was the best of all the bad options" and Movant's "best chance at a lesser sentence than he would otherwise get with any of the other alternatives." In sum, Movant's disappointment does not satisfy either prong of the Strickland test.

(Doc. 8, Ex. 8 at 4-6).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In cases involving the voluntariness of a guilty plea, this statutory presumption "is particularly proper in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that more often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea." *Weeks v. Bowersox*, 119 F.3d 1342, 1352 n. 10 (8th Cir. 1997) (citations omitted).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. At his plea hearing, petitioner acknowledged that he knew the ranges of punishment on the five counts to which he was pleading guilty, and he acknowledged that no other promises had been made to him other than the promises contained in his plea agreement with the state. (Doc. 8, Ex. 1 at 15-18; Ex. 4 at 3-4). At his post-conviction hearing, petitioner's attorney testified, stating that the State informally indicated its offer would be a life sentence and that he remembered discussing the guidelines with petitioner and informing him that the trial court would probably impose a sentence above the guidelines. (Doc. 8, Ex. 2 at 12-14). Petitioner's plea counsel testified that he fully explained the guilty plea process, and he believed he told petitioner he would probably get a sentence of approximately 20 years. (Doc. 8, Ex. 1 at 13-14). Petitioner's counsel testified he never promised petitioner he would receive a particular sentence and merely gave his opinion as to what the most likely sentence would be. (Doc. 8, Ex. 1 at 15-16).

The motion court found that petitioner failed to show that his attorney's performance was deficient. (Doc. 8, Ex. 3 at 102-03). "On the contrary, the record here shows [petitioner's] counsel was more than reasonably competent and that his advice to [petitioner] was what virtually every experienced and competent criminal defense attorney would have given." (Doc. 8, Ex. 3 at 102). The motion court stated that counsel's statement petitioner would get 60 years if he went to trial was mere prediction or advice and did not constitute coercion, especially because petitioner stated multiple times he understood the range of punishment, and no one had threatened, intimidated, or forced him to plead guilty. (Doc. 8, Ex. 3 at 103). *See Nichols v. State*, 409 S.W.3d 566, 571 (Mo. App. E.D. 2013). The Missouri Court of Appeals reasonably found that the trial court did not err in finding that the record refuted petitioner's claims, reasoning that the state had refused to negotiate below a life evidence, there was strong evidence against petitioner in the form of witness identifications and ballistics, and petitioner was aware of the possibility that he could be sentenced to serious consecutive sentences if convicted at trial. (Doc. 8, Ex. 8 at 5-6).

Petitioner has not shown that his counsel acted ineffectively, nor has he shown that he suffered actual prejudice: that, absent his plea counsel's alleged statement or omission regarding sentencing, he would have rejected the plea and gone to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). At his post-conviction hearing, petitioner testified that he would not have taken a blind plea if his attorney had not shown him the sentencing guidelines, encouraged him to take a blind plea, and told him that it was the best option for him and that he would get sixty years if he went to trial. (Doc. 8, Ex. 1 at 9, 20). Even if petitioner's counsel made the statements or omissions petitioner claims he did, the Missouri state courts reasonably found that petitioner could not claim he was prejudiced by this, because the plea court expressly informed petitioner prior to his guilty plea of the potential range of sentencing. The state courts' adjudications of this claim were factually and legally reasonable. *See, e.g., Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (finding no prejudice because "allegedly omitted information had been 'fully supplied to [the petitioner] throughout the plea process' and the district court had 'explicitly informed' the petitioner of the potentially applicable sentences during the plea colloquy."). Petitioner had the opportunity to tell the plea court that his counsel had promised him a lower sentence, but he told that court he had nothing to say about his counsel's performance.

The state court decisions were not contrary to or an unreasonable application of clearly established federal law, nor were they based upon an unreasonable determination of the facts. Accordingly, petitioner's claim of ineffective assistance of trial counsel in Ground One is denied.

**B. Grounds 2 and 3**

In Ground 2, petitioner argues that the state court erred in denying him post-conviction relief, because his plea counsel failed to investigate petitioner's mental disease or defect and failed to raise mental disease or defect as a defense. Petitioner makes a similar argument in Ground 3, which claims that the state court erred because petitioner's plea counsel failed to request a mental evaluation of petitioner and failed or refused to

present a mental disease or defect defense. (Doc. 1 at 6-7). Petitioner did not exhaust these claims during state court proceedings, so they are procedurally defaulted, but they also fail on the merits.

Under *Strickland*, petitioner must prove that his counsel's performance fell below an objective standard of reasonableness and also that this deficient performance caused actual prejudice. 466 U.S. at 687-88. At the post-conviction motion hearing, petitioner's plea counsel testified that he did discuss a possible defense based on mental disease with petitioner and concluded that such a defense was not likely to succeed. (Doc. 8, Ex. 2 at 8). In the first place, then, petitioner has not presented any details to show that counsel's assessment of the merits of any defense based on mental defect was deficient.

Second, petitioner has not demonstrated actual prejudice. Petitioner has produced no particularized facts to support his allegations in Grounds 2 and 3. He merely alleges that his plea counsel failed to investigate petitioner's mental health or pursue a mental health defect. Petitioner does not allege what specific mental health defect he has, beyond the general statement that he "suffered from a mental disease or defect" (Ground 2) and "he had a mental defect that effected [sic] his ability to make intelligent decisions when under stress or duress" (Ground 3). (Doc. 1 at 6-7). Petitioner does not allege what facts counsel should have uncovered that would have led counsel to conclude that petitioner suffers from a mental defect. Even if counsel had arranged for a mental health evaluation of petitioner and the evaluation proved petitioner's allegation that he makes poor decisions under stress, such a condition would not support a defense of not guilty by reason of mental defect under Missouri law. *See* Mo. Rev. Stat. 552.030.1 (stating that a person is not responsible for criminal conduct when they are "incapable of knowing and appreciating the nature, quality, or wrongfulness" of their conduct).

Similarly, to the extent that petitioner alleges his mental disease rendered him incompetent to enter a valid plea, he fails to state a valid claim of incompetence. Under Supreme Court precedent, the standard for competence is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings

against him." *Godinez v. Moran*, 509 U.S. 389, 396-99 (1993); *see also* Mo. Rev. Stat. 552.020.1 ("No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted, or sentenced for the commission of an offense so long as the incapacity endures."). Petitioner's allegation that he had an impaired ability to make intelligent decisions under stress or duress does not rise to the standard of incompetence under federal or Missouri law.

Furthermore, at his plea hearing, petitioner admitted that he did not have a mental disease. (Doc. 8, Ex. 4 at 8-9). A defendant's representations during a plea hearing are a "formidable barrier" in any collateral review and "carry a strong presumption of verity." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1999); *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988). Petitioner has not presented sufficient allegations to overcome his testimony at the plea hearing.

Finally, petitioner claims that his post-conviction counsel improperly abandoned these claims on appeal. However, the general rule is that petitioner has no constitutional right to counsel in post-conviction motions or appeals, *see Martinez v. Ryan*, 566 U.S. 1, 8-9 (2012) (affirming the general rule that there is no constitutional right to counsel in collateral proceedings but holding that procedural default may be excused when post-conviction counsel's conduct falls below *Strickland* standards). Petitioner has failed to demonstrate his attorney acted ineffectively, nor has he, for the reasons discussed above, demonstrated actual prejudice, because he has failed to make colorable allegations to show that a mental defect defense would have succeeded. In the absence of these allegations, Grounds 2 and 3 are without merit.

**D. Ground 4**

In Ground 4, petitioner alleges that he was denied constitutionally effective assistance of counsel because his appointed counsel failed to raise every claim known to petitioner for vacating, setting aside, or correcting his sentence and judgment. (Doc. 1 at 7-8). Petitioner did not exhaust this claim during state court proceedings, so it is

procedurally defaulted. Petitioner argues that this procedural default should be excused under *Martinez v. Ryan*, but he has not sufficiently alleged that his post-conviction counsel's conduct failed to meet *Strickland* standards, in order to satisfy the *Martinez* exception. The claim also fails on the merits.

Specifically, petitioner alleges that his post-conviction counsel was ineffective for failing to challenge the charges for assault as defective, because those charges did not state that petitioner acted "knowingly," which petitioner argues is the requisite intent under Missouri law to convict a person for first-degree assault. (Doc. 1 at 14-15).

Missouri law has three alternative charging schemes for first-degree assault: two are "purpose" intents and one is a "knowing" intent. Mo. Rev. Stat. § 565.050 (stating first-degree assault is the attempt to kill, the attempt to cause serious physical injury, or the act of "knowingly" causing serious physical injury). In this case, the State's indictment charges him with attempting to kill and attempting to cause serious physical injury. (Doc. 8, Ex. 3 at 13-17). This charging language tracks the statutory language. An indictment that substantially complies with form charges is deemed to be a valid charge. Mo. Sup. Ct. R. 23.01(b). Furthermore, the Missouri Supreme Court has previously held that the omission of the word "knowingly" from a charge is not a fatal defect. *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. 1992) (holding that the remedy in such a case is to require the state to file an information remedying the alleged defect in lieu of an indictment) (citing Mo. Sup. Ct. R. 23.08).

A competent attorney is not required to raise every single possible claim or defense for his client. In fact, competent legal practice requires distinguishing good legal claims and defenses from bad ones, and a competent attorney will be able to focus on those arguments that are most likely to succeed. *See Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006); *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000). Any challenge to the charge in this case would have been legally frivolous, and competent counsel would not have alleged that the charge was defective. Accordingly, Ground 4 is without merit.

## VII. CONCLUSION

For the reasons set forth above, the petition of James Lee for a writ of habeas corpus is denied. Petitioner made no substantial showing that he was deprived of a constitutional right. Therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

An appropriate Judgment Order is issued herewith.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 20, 2018.